IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Local 300 Bakery, Confectionery & Tobacco Workers' International Union | ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 760 |
| v. | ) ) | Judge Virginia M. Kendall |
| Mondelez Global LLC | ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the Court denies Plaintiff Local 300 Bakery, Confectionery & Tobacco Workers' International Union motion for a preliminary injunction due to lack of jurisdiction. (Dkt. No. 7.)

## BACKGROUND

Defendant Mondelez Global LLC operates a manufacturing facility in Chicago, Illinois where it employs approximately 950 members of the Union. On April 8, 2015, Mondelez informed the Union that it intended to make a $130 million investment in either the Chicago facility or Mondelez's facility in Salinas, Mexico. (Dkt. No. 15 at 7.) Mondelez told the Union in a letter dated May 15, 2015 that regardless of which facility was chosen for the investment, Mondelez would be reducing the number of employees at its Chicago facility. *Id.* at 8. On July 29, 2015, Mondelez announced that it will be making the investment in its Salinas facility which will result in the termination of Union employees at its Chicago facility.

The Union filed a formal written grievance under its collective bargaining agreement ("CBA") with Mondelez on December 11, 2015 about the decision to transfer production to Salinas and terminate Union members at the Chicago facility. On December 21, 2015, the Union filed another formal written grievance pursuant to the CBA alleging that Mondelez violated the CBA by employing contract workers who were not Union members. Mondelez sent a written notice to the Union on January 19, 2016, stating that on March 21, 2016 there will be an initial layoff of 277 Union members as a result of the beginning of transfer of production to Salinas.

The Union filed a motion for a preliminary injunction on January 21, 2016, asking the Court to order Mondelez to submit to binding arbitration before the layoff of Union members on March 21, 2016. (Dkt. No. 7.) The Court held a preliminary injunction hearing on March 4, 2016. (Dkt. No. 22.) At the hearing, the Union said that it no longer seeks a preliminary junction

1

ordering arbitration, but instead requested that Mondelez promise to keep all equipment in its Chicago facility so that the facility remains operative in the event that the Union prevails at arbitration and production is transferred back to Chicago. In addition, the parties informed the Court that the two grievances filed by the Union in December were proceeding through the grievance procedure established by Articles 31 and 32 of the CBA. They explained that the Union had filed a demand to arbitrate both grievances with Federal Mediation and Conciliation Services as required by Article 32 of the CBA. The parties stated that Mondelez had not yet informed the Union of whether it would submit to arbitration with FMCS as of the hearing. Mondelez represented to the Court that it would abide by the CBA and continue to arbitration of the grievances if they were not resolved by the grievance procedure instituted by the CBA.

## DISCUSSION

A preliminary injunction is an extraordinary remedy that the Court will not grant unless the movant satisfies the burden of persuasion by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In labor cases, however, statutory restrictions create additional burdens on a party seeking an injunction. *See Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001). Under the Norris-LaGuardia Act ("NLA"), the Court does not have the jurisdiction to issue a temporary or permanent injunction in a labor dispute. *See* 29 U.S.C. § 101 *et seq.* But "if the union promises not to strike over an arbitrable dispute, the court may enforce that promise with an injunction while arbitration proceeds." *Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of America (ALF-CIO)*, 36 F.3d 712, 713 (7th Cir. 1994) (citing to *Boys Mkts., Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 254 (1970) (holding courts can "issue [an] injunctive order [if] it holds that the contract *does* have [the] effect" of binding both parties to arbitrate the dispute and that "an injunction would be warranted under ordinary principles of equity.")). The Supreme Court subsequently narrowed this exception to the NLA when it found that the Court does not have the "power to issue interlocutory injunctions pending arbitration" when "an arbitrable dispute awaits decision." *Buffalo Forge Co. v. United Steelworkers of America, AFL-CIO*, 428 U.S. 397, 412 (1976); *see also K & I Constr.*, 270 F.3d at 1066; *Briggs & Stratton*, 36 F.3d at 713. The Court reasoned that injunctions are unnecessary and improper in such situations because "[t]he parties have agreed to submit to grievance procedures and arbitrate, not to litigate. They have not contracted for a judicial preview of the facts and the law." *Buffalo Forge*, 428 U.S. at 412; *see also, N.L.R.B. v. Keller-Crescent Co., Div. of Mosler*, 538 F.2d 1291, 1300 (7th Cir. 1976) ("courts should refrain from becoming participants in arbitrable disputes under bargaining agreements by preliminarily dealing with the merits of the factual and legal issues that are properly subjects for the arbitrator.").

The Seventh Circuit interpreted this line of Supreme Court decisions to permit injunctive relief "where the underlying dispute is subject to mandatory arbitration under the labor contract and where an injunction is necessary to prevent arbitration from being rendered a meaningless ritual." *Local Lodge No. 1266, Int'l Assoc. of Machinists and Aerospace works, AFL-CIO v. Panoramic Corp.*, 668 F.2d 276, 283 (7th Cir. 1981); *see also East St. Louis Laborers' Local*

*100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705 (7th Cir. 2005). In order to grant a preliminary injunction in the *Panoramic* scenario, the employer's action must "frustrat[e] the arbitral process or depriv[e] the union of an otherwise effective arbitral remedy." *Panoramic*, 668 F.2d at 282. If this requirement is fulfilled, the moving party must also establish that all of the "traditional requirements of equity—irreparable injury, a balance of hardships, and, to an appropriate degree, probability of success on the merits" in order to succeed on a motion for injunctive relief. *Id.* at 283. Only then will the Court grant a status quo injunction designed to enforce the parties' agreement to arbitrate by "by preserving an effective arbitral remedy for bargaining agreement breaches." *Id.*

Here, the Court does not have jurisdiction to issue a preliminary injunction because both parties agree that Mondelez has done nothing to "frustrate[e] the arbitral process or depriv[e] the union of an otherwise effective arbitral remedy." *Id.* at 282. The Union and Mondelez informed the Court at the preliminary injunction hearing that they are in the process of appropriately addressing the grievances through the grievance process created by the CBA and that Mondelez has done nothing to impede that agreed-upon process. The Union failed to prove that Mondelez has done anything to hamper the arbitration process or eliminate the possibility of arbitration of the grievances. In fact, the Union presented the opposite: it agreed that Mondelez is participating in the grievance process outlined by the CBA. The Union acknowledged that it is awaiting Mondelez's response to the Union's request for arbitration and Mondelez affirmed that it would provide a timely response to this request. In short, the parties are walking through all steps created by the CBA and Mondelez has done nothing to obstruct this procedure. The Court cannot prematurely interfere in the CBA process for settling grievances by enjoining a party when the parties have not satisfied every step in the CBA process because by signing the CBA, the parties have acquiesced to resolution of grievances through the CBA process and not through "judicial preview of the facts and the law." *Buffalo Forge*, 428 U.S. at 412. Accordingly, "an arbitrable dispute awaits decision" through the remaining steps in the CBA grievance process and the Court lacks jurisdiction under the NLA to provide injunctive relief. *Buffalo Forge*, 428 U.S. at 412; *see also,* 29 U.S.C. § 101 *et seq*.

## CONCLUSION

For the reasons explained above, the Court dismisses the Union's motion for a preliminary injunction for lack of jurisdiction. (Dkt. No. 7.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 10, 2016